# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO DALES LONGORIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br><br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendants.　　　　／ | Case No.  1:13-cv-00931-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 23) |

## I.　INTRODUCTION

On August 11, 2016, counsel for Plaintiff, Young Cho, Esq., filed a motion for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 23.) On August 15, 2016, the Court issued a minute order requiring Plaintiff Ernesto Dales Longoria ("Plaintiff") and the Commissioner to file their objection to Plaintiff's counsel's motion, if any, by no later than September 12, 2016. (Doc. 24.) Plaintiff and the Commissioner were served with copies of the motion for attorney's fees and the minute order. (Docs. 23, 25.) On August 29, 2016, the Commissioner filed a statement indicating she had no objection to Plaintiff's counsel's request (Doc. 26), and Plaintiff did not file any objection to the motion by the September 12, 2016 deadline (*See* Docket).

For the reasons set forth below, the motion for an award of attorney's fees is GRANTED in the amount of $7,005.00, subject to an offset of $4,400.00 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA") on May 20, 2014 (*see* Doc. 22).

## II.　BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.) The

parties stipulated to voluntarily remand the case pursuant to Sentence Four of 42 U.S.C. 405(g) on April 22, 2014, and judgment was entered in favor of Plaintiff and against the Commissioner. (Docs. 19, 20.)  On May 20, 2014, the parties stipulated to an award of $4,400.00 in attorney fees and expenses under EAJA.  (Docs. 21, 22.)

On remand, the Commissioner issued a decision finding Plaintiff disabled.  (*See* Docs. 23, p. 8 (Declaration of Young Cho), ¶ 3; 23-2 (decision finding Plaintiff disabled as of June 20, 2006); 23-3 (agency letter awarding retroactive benefits.)  On June 26, 2016, the Commissioner issued a notice that retroactive disability benefits had been awarded to Plaintiff and that $7,005.75, representing 25% of Plaintiff's past-due benefits, had been withheld from Plaintiff's award of disability benefits for payment of any applicable attorney's fees. (Doc. 26-3, p. 2.)  On August 11, 2016, counsel filed a motion for attorney's fees in the amount of $7,005.00, with an offset of $4,400.00 for EAJA fees already awarded.  (Doc. 23.)  It is counsel's section 406(b) motion for attorney's fees that is currently pending before the Court.

### III.  DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.   Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).  "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).  The Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government.  *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.  The goal of

fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and the Law Offices of Lawrence Rolfing, signed by Plaintiff and counsel, provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under

3

> [EAJA] and such amount shall credit to the client for fees otherwise payable for court work.

(Doc. 23-1 (signed May 28, 2013) (emphasis in original).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. As Plaintiff's counsel, the Law Offices of Lawrence Rohlfing spent 25.2 hours representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision was reversed and remanded to the agency for reconsideration. (Cho Decl., ¶ 5; 23-4 (time sheets accounting for 21.3 attorney hours and 3.9 paralegal hours spent representing Plaintiff before the district court).) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay.

Attorney's fees in the amount of $7,005.00 represents *less* than 25% of the past-due benefits paid to Plaintiff and are not excessive in relation to the past-due award. (Doc. 23, pp. 3-4; *see* Doc. 26-3, p. 2.) *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500.00); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to section 406(b) in the amount of $23,558.62).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)).

An award of attorney's fees pursuant to section 406(b) in the amount of $7,005.00 is therefore appropriate. An award of section 406(b) fees, however, must be offset by any prior

4

award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $4,400.00 in fees pursuant to the EAJA; as such, the fee award will be offset by $4,400.00 for a net award of $ 2,605.00.

### IV.    CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable.

Accordingly, IT IS ORDERED that Plaintiff's counsel's motion for an award of attorney's fees pursuant to section 406(b) in the amount of $7,005.00 is GRANTED, subject to an offset of $4,400.00 for EAJA fees previously awarded.

IT IS SO ORDERED.

Dated:   **September 16, 2016**                    /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE